STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN RUSH AND JAYME RUSH;<br><br>   Plaintiffs,<br><br>v.<br><br>CITY OF FAIRFIELD, OFFICERS ZACHARY SANDOVAL AND DUSTIN JOSEPH, AND DOES 1-50<br><br>   Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (*Excessive Force*);<br>2. Battery;<br>3. Bane Act Violation;<br>4. Negligence;<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs, demanding a jury trial, brings this action against Defendants CITY OF FAIRFIELD; OFFICERS ZACHARY SANDOVAL, DUSTIN JOSEPH, AND DOES 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1. Plaintiffs Calvin Rush and Jayme Rush, were at all times relevant to this complaint, living in the City of Fairfield, which is located within the Eastern District of California.

2. Defendant CITY OF FAIRFIELD is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California, and is a municipality located within the Eastern District of California.

3. Defendant ZACHARY SANDOVAL, was employed as a police officer for the City of Fairfield at the time of the incident in question. This Defendant is being sued in his individual capacity.

4. Defendant DUSTIN JOSEPH, was employed as a police officer for the City of Fairfield at the time of the incident in question. This Defendant is being sued in his individual capacity.

5. Defendants DOES 1-25 were employed by Defendant City of Fairfield as police officers at the time of the incident in question, whose identities and capacities are unknown at this time to the Plaintiff. These Doe Defendants are being sued in their individual capacities.

6. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of Fairfield, which is located in this district.

## III. STATEMENT OF FACTS

9. On January 28, 2019, Plaintiffs who were driving with their children were pulled over by Defendants at Arco gas station for having an expired registration tags.

10. Plaintiff Calvin Rush did not have a driver's license and after a brief verbal exchange between Calvin Rush, Plaintiff was ordered out of his vehicle and told to put his hands on his head.

*Mistreatment of Calvin Rush*

11. Plaintiff Calvin Rush was subsequent grabbed by the arms by both Defendants and taken to the ground.

12. Plaintiff Calvin Rush was then subsequently handcuffed behind his back and placed in a prone position with his legs pressed against him in a four-figure leg lock, while Defendant Zachary Sandoval and a DOE officer placed the pressure of their body weight on the Plaintiff.

13. During this time while the Plaintiff was already handcuffed and placed in a prone position, Defendant Sandoval struck him on the right side of his face with a closed fist three times.

3

14. While lying in a prone position with his hands cuffed behind his back and with the weight of Sandoval and DOE Officer on his back, the Plaintiff began to have difficulty breathing and repeatedly cried out to the Defendants that he could not breathe. However, the Defendants ignored these repeated pleas and failed to immediately put the Plaintiff in a recovery position.

15. The Plaintiff was subsequently picked up from the ground and placed in a police car and was subsequently arrested for resisting arrest but all criminal charges were dismissed around March of 2020.

*Mistreatment of Jayme Rush*

16. While the Defendants were pinning Calvin Rush to the ground, his wife Plaintiff Jayme Rush got out of the passenger side of the car in order to film the officers' interaction with her husband to ensure his safety.

17. Upon seeing Jayme Rush attempting to film the physical handling of her husband by the Defendants, Defendant Joseph approached Jayme Rush and slammed her to the ground with extreme force and placed the entirety of his body weight on her, despite Jayme Rush continuing to yell to the officer that she just had recently had back surgery and suffers from back injuries.

18. While Jayme Rush was pinned to the ground with Defendant Joseph's body weight on her, Defendant Joseph repeatedly placed his forearm into the side of the Plaintiff's neck, causing her extreme pain and choking the Plaintiff by wrapping her left arm tightly around her neck.

19. The Plaintiff was subsequently picked up from the ground and placed in a police car and was subsequently arrested for resisting arrest but all criminal charges were dismissed around May of 2020.

20. Plaintiffs filed timely government claims against the City of Fairfield pursuant to California Government Code §910, et seq within six months of the incident. Plaintiffs' claims were subsequently rejected while their criminal cases were still pending.

## IV. CAUSES OF ACTION

### FIRST CLAIM

(**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983** *Excessive Force*– **As to Defendants**)

21. Plaintiffs incorporate herein by reference the preceding paragraphs 1-20 of this complaint as fully set forth herein.

*Plaintiff Calvin Rush*

22. That Defendant Sandoval, with the assistance of Defendant DOE as an integral participant acting under color of law, used unreasonable and excessive force on Calvin Rush, by deliberately and intentionally leaving Plaintiff in a prone position with his legs pressed against him in a four-figure leg lock while placing the pressure of their body weight on the Plaintiff.

23. That during this time while the Plaintiff was already handcuffed and placed in a prone position, Defendant Sandoval struck him on the right side of his face with a closed fist three times.

24. That while lying in a prone position with his hands cuffed behind his back and with the weight of Sandoval and DOE Officer on his back, the Plaintiff began to have difficulty breathing and repeatedly crying out to the Defendants that he could not breathe. However, the Defendants ignored these pleas and failed to immediately put the Plaintiff in a recovery position. That this conduct by the Defendants caused the Plaintiff to suffer from **positional asphyxiation** (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to any of the defendants or bystanders; (iii) Plaintiff was not attempting to flee or evade arrest, (iv) other alternative methods were available to effectuate a seizure.

5

*Plaintiff Jayme Rush*

25. That Defendant Joseph, acting under color of law, used unreasonable and excessive force on Jayme Rush, by deliberately and intentionally slamming her to the ground with extreme force and placing the entirety of his body weight on her, despite Jayme Rush continuing to yell to the officer that she just had recently had back surgery and suffers from back injuries.

26. That while Jayme Rush was pinned to the ground with Defendant Joseph's body weight on her, Defendant Joseph repeatedly placed his forearm into the side of the Plaintiff's neck, causing her extreme pain and choking the Plaintiff by wrapping her left arm tightly around her neck. (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to any of the defendants or bystanders; (iii) Plaintiff was not attempting to flee or evade arrest, (iv) other alternative methods were available to effectuate a seizure.

**SECOND CLAIM**

(**Battery – As to Defendants**)

27. Plaintiff incorporates herein by reference the preceding paragraphs 1-26 of this complaint as fully set forth herein.

*Plaintiff Calvin Rush*

28. That Defendant Sandoval, with the assistance of Defendant DOE as an integral participant committed a battery on Calvin Rush, by deliberately and intentionally leaving Plaintiff in a prone position with his legs pressed against him in a four-figure leg lock while placing the pressure of their body weight on the Plaintiff.

29. That during this time while the Plaintiff was already handcuffed and placed in a prone position, Defendant Sandoval struck him on the right side of his face with a closed fist three times.

6

30. That while lying in a prone position with his hands cuffed behind his back and with the weight of Sandoval and DOE Officer on his back, the Plaintiff began to have difficulty breathing and repeatedly crying out to the Defendants that he could not breathe. However, the Defendants ignored these pleas and failed to immediately put the Plaintiff in a recovery position. That this conduct by the Defendants caused the Plaintiff to suffer from **positional asphyxiation**. (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to any of the defendants or bystanders; (iii) Plaintiff was not attempting to flee or evade arrest, (iv) other alternative methods were available to effectuate a seizure.

### *Plaintiff Jayme Rush*

31. That Defendant Joseph, committed a battery on Jayme Rush, by deliberately and intentionally slamming her to the ground with extreme force and placing the entirety of his body weight on her, despite Jayme Rush continuing to yell to the officer that she just had recently had back surgery and suffers from back injuries.

32. That while Jayme Rush was pinned to the ground with Defendant Joseph's body weight on her, Defendant Joseph repeatedly placed his forearm into the side of the Plaintiff's neck, causing her extreme pain and choking the Plaintiff by wrapping her left arm tightly around her neck. (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to any of the defendants or bystanders; (iii) Plaintiff was not attempting to flee or evade arrest, (iv) other alternative methods were available to effectuate a seizure.

33. Defendants are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

34. Defendants as public employees are not exonerated or immune from liability for Battery for causing the Plaintiffs to suffer harm pursuant to California Government Code Section 820.8.

35. Because Defendants were acting as employees of the City of Fairfield at the time of the incident, and because they were acting within the scope and course of their employment and

under the direct control and supervision of the City of Fairfield at the time of the incidents in question, Fairfield is liable to the Plaintiffs for Battery pursuant to California Government Code §815.2.

### THIRD CLAIM

### (BANE ACT VIOLATION – As to all Defendants)

36. Plaintiffs incorporate herein by reference the preceding paragraphs 1-35 of this complaint as fully set forth herein.

37. Defendants interfered with Plaintiffs' Fourth Amendment right to be free from the unlawful seizure of his person through the exercise of excessive force.

38. That upon observing Defendants using excessive force upon their person, the Plaintiffs reasonably believed that if they exercised their right to be free from the unlawful use of excessive force upon their person, that Defendants would commit violence against them.

39. That Defendants injured the Plaintiffs to prevent them from exercising these rights.

40. That Plaintiffs were harmed because they suffered physical injuries, as well as severe emotional stress as a result of the violent acts imposed on them by Defendants and;

41. Defendants' use of excessive force to prevent the Plaintiffs from exercising their rights was a substantial factor in causing their harm.

42. Because Defendants were acting as employees of the City of Fairfield at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of the City of Fairfield at the time of the incidents in question, Fairfield is liable to the Plaintiff for violating the Bane Act pursuant to California Government Code §815.2.

## FOURTH CLAIM

### (Negligence – As to all Defendants)

43. Plaintiffs incorporate herein by reference the preceding paragraphs 1-42 of this complaint as fully set forth herein.

44. By virtue of the foregoing, Defendants owed Plaintiffs a duty of due care and that this duty was breached by the Defendants' failure to exercise due care in their handling of the Plaintiffs pursuant to the conduct described above.

45. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

46. Defendants are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

47. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

48. Because Defendants were acting as employees of the City of Fairfield at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of the City of Fairfield at the time of the incidents in question, Fairfield is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: June 21, 2021        ____/s/ Stanley Goff_____
                            STANLEY GOFF
                            Attorney for Plaintiffs

10